## BIG SANDY CO. v. ROBINSON.

### In re KENTUCKY ELKHORN COAL CORPORATION.

Circuit Court of Appeals, Sixth Circuit. April 7, 1927.

No. 4813.

Mines and minerals ⬯⬯66—Lessor of mining property, acquiescing in and encouraging receivership of lessee, held estopped to claim forfeiture on account thereof.

Where lessor of mining property, under lease authorizing forfeiture in case of receivership for lessee for more than 60 days, acquiesced in and encouraged such receivership for lessee, and gave no notice of forfeiture until after expiration of 60-day period, and then filed such notice merely to frighten creditors into abandoning bankruptcy proceedings, its conduct estopped it from claiming a forfeiture.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

For opinion below, see 19 F.(2d) 264.

J. J. Moore, of Pikeville, Ky., for appellant.

O. T. Hinton, of Pikeville, Ky. (Johnson, Auxier & Hinton, of Pikeville, Ky., on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and WESTENHAVER, District Judge.

PER CURIAM. Appellant leased to the Kentucky Elkhorn Coal Corporation, April 1, 1923, some coal lands in Pike county, Kentucky. The latter company was adjudged a bankrupt June 24, 1926, and appellant filed its petition July 19, 1926, in the District

Court, asking a forfeiture of the leasehold as against the trustee of the bankrupt under a clause in the lease as follows: "And the continuance of a receiver in charge of the lessee's property for a period of 60 days shall be deemed a cause of forfeiture of this lease at the election of the lessor."

It is admitted that a receiver under appointment of a state court was in charge of the lessee's property from October 15, 1925, to the date of the adjudication in bankruptcy, June 24, 1926. The facts in the case are fully stated in the opinion of the District Court. In re Kentucky Elkhorn Coal Corporation, 19 F.(2d) 264. It suffices here to say that, shortly after the appointment of the receiver, appellant filed a suit in equity against the coal corporation, claiming a lien upon the leasehold and other property of the corporation to satisfy an indebtedness due it on account of royalties; that on the following day its general manager wrote to the president of the coal corporation, assuring him that the suit might discourage other creditors from asserting claims, was filed simply to protect appellant's claim for back royalties, and was not intended to embarrass him so long as he had an opportunity "to work the matter out"; and that on November 18, 1925, the two suits—i. e., the receivership suit and that of the Big Sandy Company—were consolidated by agreement, and on November 23d that company was granted leave to sue the receiver, who by order of court was made party defendant to its suit against the coal corporation. These circumstances, with others that we need not detail, were thought by the lower court to be the equivalent of assurance given the coal corporation by appellant that it "would not claim a forfeiture on account of the receivership." We think this holding correct, and in that view it is clear that appellant could not claim a forfeiture on account of the receivership until the expiration of 60 days from such date

as it might thereafter give notice of withdrawal of its consent to the receivership or an intention of claiming forfeiture under the clause referred to.

Thereafter appellant was paid by the receiver the monthly royalties accruing from the operation of the mine. In the early part of February, 1926, an involuntary proceeding in bankruptcy was filed against the coal corporation, and thereupon appellant notified the trustee in bankruptcy, the former president of the lessee company and its receiver, that it elected to claim a forfeiture because of the continuation of the receivership for 60 days. This was the first notice, if it was notice, that the coal corporation received of the purpose of appellant to withdraw what was tantamount to its consent to the receivership. Certainly the forfeiture, as we have seen, was not effected as of that date, and at best could have been effected not earlier than 60 days later. Appellant did not, however, claim a forfeiture at the expiration of the succeeding 60 days, nor until the bankruptcy proceedings, which had fallen into abeyance, were revived in June of 1926. On the contrary, it obtained a judgment against the coal corporation on April 24, 1926, recognizing the existence of the lease; it acquiesced in the continued operation of the mine by the receiver, accepting royalties from him as late as June 17, 1926. The court below was of opinion that the notice of February 3d was not given in good faith, but was intended merely to frighten the creditors into abandoning the bankruptcy proceeding; that appellant acquiesced in and consented to the continuation of the receivership until within a few days of the adjudication in bankruptcy; and that its conduct in this respect estopped it from claiming a forfeiture. Upon a consideration of the evidence we cannot doubt the correctness of that conclusion.

The judgment is accordingly affirmed.